**Irvin John RILL, Appellant,**

v.

**Robert MEYERS; Attorney General
of Pennsylvania.**

No. 02–3575.

United States Court of Appeals,
Third Circuit.

Argued Jan. 13, 2004.

Decided Feb. 20, 2004.

Joshua D. Wolson * (Argued), Covington & Burling, Washington, DC, for Appellant.

George P. Skumanick (Argued), Office of the District Attorney, County of Wyoming, Tunkhannock, PA, for Appellee.

Before ALITO, CHERTOFF, and BECKER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

As we write only for the parties involved we need not repeat the facts of this case. While we have carefully considered Rill's argument that his good faith effort to appeal to the Pennsylvania Supreme Court excused any procedural default, we find that it is not supported by our jurisprudence. We affirm the District Court order denying the habeas petition because Rill did not properly exhaust his claims in the Pennsylvania courts. *See* 28 U.S.C. § 2254(b)(1).

Rill claims that he made a good faith effort to present his appeal to the Pennsylvania Supreme Court and that he procedurally defaulted because of his ineffective appellate counsel. Even if this Court accepted such an argument, however, Rill has never given a sufficient explanation as to why he did not file a petition under Pennsylvania's Post–Conviction Relief Act. *See* 42 Pa.C.S.A. § 9545. If Rill had done so, the PCRA Court could have heard his ineffective appellate counsel claim, *see Commonwealth v. Williams,* 566 Pa. 553, 782 A.2d 517 (2001), and reinstated his appeal to the Pennsylvania Supreme Court, *see, e.g., Commonwealth, v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 571–572 (1999); *Boofer v. Lotz,* 797 A.2d 1047, 1049 fn. 4 (Pa.Commw.Ct., 2002)("Under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, an inmate may file such a petition with the court of common pleas to restore the inmate's right to appeal"), which would then have had a full and fair opportunity to hear Rill's federal claims. *See Evans v. Court of Common Pleas, Delaware County, Pa.,* 959 F.2d 1227, 1230 (3d Cir.1992) *cert. dismissed,* 506 U.S. 1089, 113 S.Ct. 1071, 122 L.Ed.2d 498 (1993). Rill did not file the PCRA petition and is now time-barred from doing so. His last filing in the Pennsylvania courts was his petition *nunc pro tunc* to the Pennsylvania Supreme Court, but we have already found such a filing to be an inadequate mode of exhausting claims. *See, e.g., Caswell v. Ryan,* 953 F.2d 853 (3d Cir.1992)

For these reasons, the order of the District Court is affirmed.

---

* We appreciate the willingness of Mr. Wolson and his firm to undertake the representation of the appellant on a pro bono basis. Mr. Wolson's excellent briefing and argument ably presented the appellant's position and were of great assistance to the court.